Peter Kouracos, Pro Se
President,
Florida Republican Assembly
300 Emory Dr.
Daytona Beach, Florida 32118
(386) 871-1533
Email: kouracospeter@gmail.com

Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **CARL YORK, and TRACIE YORK, individually,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.** |
| ) | |
| **PETER KOURACOS,** ) | |
| **PRESIDENT,** ) | |
| **FLORIDA REPUBLICAN ASSEMBLY,** ) | |
| **individually,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## NOTICE OF REMOVAL OF STATE COURT ACTION
## TO UNITED STATES DISTRICT COURT

## DEFENDANT SEEKS REMOVAL TO THIS COURT BECAUSE PLAINTIFF'S STATE COURT ACTION IS A DIRECT ATTEMPT BY PLAINTIFF TO CHILL DEFENDANTS' FREE SPEECH AS GUARENTEED UNDER THE 1ST AMMENDMENT TO THE UNITED STATES CONSTITUTION.

COMES NOW PETER KOURACOS, in propis persona, and files this notice of removal of state action to the United States District Court for the Middle District of Florida, Orlando Division, and sets forth the following grounds for removal:

1.  This suit is a civil action filed in the Circuit Court of Charlotte County, Florida on or about March 25, 2024, entitled "Carl York and Tracie York vs. Peter Kouracos," Case No. 24000750CA. A copy of all process, pleadings and orders served upon defendant,

to date, in the State Court Action are attached as Exhibit "A". On April 24, 2024 Defendant filed a Motion to Dismiss in the State Court Action and attaches same as Exhibit "B".

2.  The aforesaid action was commenced by service of process on Defendant consisting of the summons and complaint received on April 4, 2024 at 10:57 a.m. and as marked on the face of the Summons. This service was perfected on Defendant by a Deputy of Michael J. Chitwood, Sheriff/Director Volusia County Florida also reflected on the Summons contained on the cover page of Exhibit "A."

3.  The above described action is one of which this court has original jurisdiction under the provisions of Title 28, United States Code, section 1332, and is removeable to this court pursuant to the provisions of Title 28, United States Code, section 1441 and that it is a civil action in which the Plaintiffs request for damages on Page 1 of their complaint states that "This is an action for damages which exceeds $50,000.00, exclusive of interest, costs and attorneys' fees"; there is no upside cap or limitation listed on their request language and therefor the request must be presumed to exceed the minimum court required sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## VENUE

Carl York and his wife, Tracie York, and the membership of what became the Charlotte County Republican Assembly petitioned for creation of a local Republican Assembly Chapter. They came to us; we did not seek them out. I reviewed their application and, in my capacity, as State President of the Florida Republican Assembly, at our State Headquarters located in Daytona Beach, Florida; I reviewed, approved and granted their charter. All administrative and actual activities leading to the formation of their chapter occurred in Daytona Beach, Florida.

And as will be demonstrated later on in this "Notice" the York's waved any capability to engage in a lawsuit based upon the Bylaws of our national parent organization the National Federation of Republican Assemblies, as language attached within Exhibit "B." reveals. The suit, in state court, filed by Plaintiff, should have been filed in Circuit Court of Volusia County, Florida rather than in Charlotte County Circuit Court. Accordingly, in this Court the proper venue is the Middle District of Florida, Orlando Division.

## NATURE OF THIS CASE

The State Court action stems from what was intended to be an internal Florida Republican Assembly organizational disciplinary action for misconduct, against Plaintiff's Carl and Traci York, in accordance with the provisions of our bylaws. In my capacity as State President of Florida Republican Assembly, I believe I have a fiduciary responsibility to take action when misconduct is reported to me. My letter, at the heart of Plaintiff Yorks' complaint, and which is labeled in their complaint as Plaintiff's "Exhibit "A" "was written after receipt of numerous and verified complaints from various members and officers about the York's conduct. I attach same as Defendants' Exhibit "A". Regardless of the York allegations, at no time was my referenced Exhibit "A" provided to or circulated to any person or parties outside of the membership and officers of the Florida Republican Assembly organization. Further, all organization members agree upon admittance to the Florida Republican Assembly and its local affiliate chapters that the provisions contained within the respective national and state bylaws always take precedence over or during any local chapter conflicts. Florida Republican Assembly practices what is known as Ronald Reagan's 11th Commandment which basically, states that no Republican should, without very good cause, speak ill of another Republican. I feel certain that there is no possibility that the issues raised in Exhibit "A" have been presented outside of the membership of the Florida Republican Assembly until Carl York filed this court action and made the issue public. Carl and Tracie York filed this case and that is what has opened this up to public scrutiny, if any. And in having done this filing, the Yorks have dismantled my efforts to give him his requested hearing before the full board of directors. I needed a suitable neutral presiding

3

officer; and thought that our new General Counsel, a member of the Florida Bar, having no prior knowledge of the facts of this case would be the ideal person to dispense a fair and evenhanded review for the York's before the Board of Directors completely in line with the procedures contained in our bylaws, as I could not preside myself since I am a witness.

### THE NATIONAL FEDERATION OF REPUBLICAN ASSEMBLIES' BYLAWS "SECTION 10.01 Litigation Prohibited and Section 10.02 Local Disputes."

Carl York and by default his wife, Tracie York, petitioned for creation of a local Republican Assembly Chapter. I reviewed their application in my capacity of State President, at our State Headquarters in Daytona Beach, Florida and I approved and granted their charter. By accepting our charter Mr. and Mrs. York, as do all members, agreed to follow all our bylaws on all levels. The National Federation of Republican Assemblies Bylaws, attached as Defendants Exhibit "B", as amended at our National Convention held in Orlando; Florida on October 15, 2023 addresses the exact issue contained in this complaint. In Article X. Section 10.01 Page 27 it clearly states "Litigation Prohibited" and in Article X. Section 10.02, Local Disputes on Pages 27 and 28 a framework is set forth describing procedure's on how to conduct such a hearing. Although it has been somewhat difficult to set up the hearing primarily because the procedure has never been utilized anywhere nationally. But we followed through as best we could, the President of Lee County Republican Assembly moved the Executive Board to give the York's a hearing and the President of Sarasota County Republican Assembly seconded the action and the Executive Board including myself granted the motion. And then I received the service in this case which basically, stopped our efforts to give him and Tracie a hearing. Carl and Tracie York were present at the National Federation of Republican Assemblies National Convention held on October 13,14, and 15, 2023 and knew or should have known about the prohibition towards litigation contained

4

in our Bylaws and so too should have their lawyer.

## CARL YORK'S RESPONSE TO MY CHARTER REVOCATION
## AND HIS VERY CREATIVE REQUEST FOR DISPENSATION OF JUSTICE

I would like the Court to please take notice of Defendant's Exhibit "C", this is Carl Yorks' reply to my disciplinary letter, Defendants Exhibit "A". This email letter is very exhibitive Carl Yorks' propensity to follow rules and bylaws, or lack thereof and I would request that the Court read through this Exhibit in order to get a feel of exactly what Carl York has put Florida Republican Assembly through. Notice the following paragraphs in particular:

Paragraph 4: "Due to the accusations and assertions are Personal/Individual and do not meet criteria for cause, standing, subject-matter jurisdiction, nor were there monetary damages, but the relative matter of controversy is to determine Law and Fact, therefore the civil courts do not have jurisdiction. – Carl York.

How do you like that; Carl York admits there were no money damages, and that this Court has no jurisdiction, why then is he, his wife and his lawyer asking the President of Florida Republican Assembly personally for in excess of $50,000.00 plus when they know that the Bylaws of the organization that the York's sought to enter and agreed to abide by forbid it?

Next, in paragraph 6, Mr. York goes on to request the following:

"Since the principals are considered Judeo-Christian in Nature, I prefer to have the Latin Church at Ecclesiastical Canon Law administer Final Judgment or a third party we can both agree on to act as an impartial judicial administrator either way."

Does this Court have expertise to conduct these proceedings under Latin Church Ecclesiastical Canon Law? I know I don't. How then can we possibly please Mr. York? I wonder if this Court, in its infinite wisdom, could provide me with scholarly advice as to how Mr. York's presumed

notion toward what he believes is his entitlement to select proceedings, at his dictate, are to be conducted? The reality is, however, there is nothing in our Bylaws or rules that gives him that capability or authority.

## CONCLUSION

By their own consideration and agreement in having become members of an affiliate chapter of the Florida Republican Assembly and according to the National Federation of Republican Assemblies Bylaws, which govern in this matter, the York's have themselves foreclosed any ability to bring this lawsuit within this Court. The matter pending before the Florida Republican Assemblies for review by its Board of Director's is the only remedy available to the Yorks's. As referred to above, that option still remains open to the York's predicated on the actions of the motioning and seconding Board members and its adoption by the Executive Board to permit them to defend their conduct. This Honorable Court is hereby requested to appropriately dismiss this action as soon as possible.

Respectfully submitted,

Peter Kouracos, Pro Se, Defendant,
President,
Florida Republican Assembly,
300 Emory Dr.
Daytona Beach, Florida 32118
(386) 871-1533

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing instrument has been provided to the Roger D. Eaton, Clerk of the Circuit Court of Charlotte County, Florida at the Justice Center, 350 East Marion Avenue, Punta Gorda, Florida 33950 and to Daniel Hogan, Esquire, Attorney for Plaintiff, c/o Boatman Ricci P.A., 3021 Airport-Pulling Rd., Suite 202, Naples, Florida 34105, by United States Mail, this ___3 th___ day of May, 2024.