UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CARL YORK and TRACIE YORK,**

        **Plaintiffs,**

v.                                Case No.  6:24-cv-852-CEM-EJK

**PETER KOURACOS,**

        **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court upon *sua sponte* review. On May 6, 2024, Defendant filed a Notice of Removal (Doc. 1) pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. (*Id.* at 2). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam). For this Court to properly exercise jurisdiction under § 1332(a), complete diversity must exist at the time of filing. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

In its Notice of Removal, Defendant does not allege diversity of citizenship. However, the State Court Complaint alleges that both Plaintiffs are individuals and

residents of Florida, and likewise, Defendant is also an individual and resident of Florida. (Doc. 1-1 at 1). And while "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person," *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994), the fact that all parties are residents of Florida calls into question whether complete diversity exists here.

Accordingly, it is **ORDERED** that **on or before May 27, 2024**, Defendant shall **SHOW CAUSE** as to why this case should not be remanded for lack of subject matter jurisdiction. Failure to do so will result in the remand of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on May 10, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party