UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CARL YORK and TRACIE YORK,**

      **Plaintiffs,**

v.                                 Case No. 6:24-cv-852-CEM-EJK

**PETER KOURACOS,**

      **Defendant.**

                            /

**ORDER**

THIS CAUSE is before the Court upon review of Defendant's Response to the Court's Order to Show Cause ("Response," Doc. 12).

Defendant previously removed this case from state court, alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. ("Notice of Removal," Doc. 1, at 2). The Court then issued an Order to Show Cause ("OTSC," Doc. 7), requiring Defendant to show cause as to why this case should not be remanded for lack of subject matter jurisdiction. (*Id.* at 2). Specifically, the Court explained to Defendant that it had failed to sufficiently allege diversity of citizenship as to Plaintiffs Carl York and Tracie York. (*Id.* at 1–2). Additionally, the Court warned Defendant that failure to cure the deficient allegations "will result in the remand of this case without further notice." (*Id.* at 2).

Nowhere in the Response does Defendant address the issue of diversity of citizenship. As previously explained in the Court's OTSC, "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person," *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Because all parties are Florida residents, (Doc. 1-1 at 1), and Defendant has not shown otherwise in the Response, there is still doubt as to whether complete diversity exists.

Defendant asserts that "[Carl York] seeks to remove my free speech through the full weight of the State of Florida. This is the reason that I raised 42 U.S.C. Section 1983 as one of the jurisdictional references in the Court's disclosure statement." (Doc. 12 at 2). By raising § 1983, Defendant seemingly attempts to raise a federal defense and assert federal question jurisdiction. However, "a case may *not* be removed to federal court on the basis of a federal defense." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original). To remove a case based on federal jurisdiction, the federal question must be apparent on the face of the plaintiff's well-pleaded complaint. *See id.* at 392. That is, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Id.* The State Court Complaint brings two counts—defamation per se and, in the alternative, defamation per quod. (Doc. 1-1 at 3–4). Neither are federal causes of action, and they could not have originally been filed in federal court.

Defendant's Response is insufficient to establish diversity of citizenship or federal question jurisdiction. Defendant also argues that venue is improper in Charlotte County, however, because this case must be remanded for lack of subject matter jurisdiction, the state court is the proper place to address venue arguments.

Accordingly, it is **ORDERED** and **ADJUDGED** that this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, Case No. 24000750CA. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 5, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
Clerk of Court for the Twentieth Judicial Circuit in and for Charlotte County, Florida